IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-131-RJC-DCK

| | |
|---|---|
| **ARK PROMOTIONS, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **JUSTIN.TV, INC., YOUTUBE, LLC,** | ) |
| **and YOUTUBE, INC.,** | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## CONSENT PROTECTIVE ORDER

Discovery sought by the parties in the above-captioned case may involve production of trade secrets or other documents and things containing confidential information and witnesses whose testimony may concern matters that are of a confidential nature. Pursuant to Federal Rule of Civil Procedure 26(c), upon joint motion of the Parties seeking this Consent Protective Order (the "Order") and for good cause shown, **IT IS HEREBY ORDERED THAT:**

1. Any party in this case and any non-party or person shall have the right to designate as "CONFIDENTIAL" for purposes of this Order any information which that party produces in this case or makes available in response to any method of discovery in this action, whether it be a document, information contained in a document, a response to interrogatories, testimony given at a deposition or hearing, tangible things or other information produced or supplied by the party or non-party that it in good faith reasonably believes contains non-public confidential, proprietary, trade secret or other commercially-sensitive financial, business or

commercial information or know-how.

2. Any party in this case and any non-party or person shall have the right to designate as "HIGHLY CONFIDENTIAL" for purposes of this Order any information which that party produces in this case or makes available in response to any method of discovery in this action, whether it be a document, information contained in a document, a response to interrogatories, testimony given at a deposition or hearing, tangible things or other information produced or supplied by the party or non-party that it in good faith reasonably believes contains extremely sensitive, non-public information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. Any information or material so designated shall be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL information for purposes of this Order and shall be used by the receiving party or parties solely in connection with this action and may not be used or disclosed except as provided in this Order. All such persons and entities are barred from using CONFIDENTIAL and HIGHLY CONFIDENTIAL information to further the business interests of any party hereto (other than the prosecution of claims or preparation of defenses in this action) or the business interests of any other person, firm, corporation or other entity.

4. The designation of discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for purposes of this Order shall be made as follows:

    a. In the case of a document, a response to interrogatories, or other written material (apart from depositions, other pretrial testimony, transcripts thereof and exhibits thereto) by stamping in a conspicuous place on each page containing such

confidential information the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

b. In the case of a tangible thing, by placing in a prominent place the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

c. In the case of depositions, other pretrial testimony, the transcripts thereof and exhibits thereto, by counsel for the party making the disclosure stating on the record at the time of such disclosure or within thirty (30) days after receipt of the transcript of the deposition that such testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and requesting that the transcript of such material be clearly marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

d. A supplying party's designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also render "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any copies, excerpts, summaries or other disclosure of the substance or contents of such material.

5. In the event that a receiving party disagrees with any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, the receiving party and designating person shall confer and attempt in good faith to resolve the disagreement. If the receiving party and designating person fail to resolve their dispute, the person or party objecting to the designation may apply to the Court for a determination of whether the designated information should remain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;" provided, however, that the person or party making the designation shall have the burden of proving the necessity for the designation. Until the Court rules on the objecting person's or party's application, any information that has been produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be

treated as so designated and subject to the terms of this Order. No party to this action shall be obligated to challenge the propriety of any designation and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. Nothing in this Order shall be construed to adjudicate the actual confidentiality of any such material, but rather this Order is entered solely for the purpose of facilitating the discovery process in this action.

6. Nothing herein shall prevent disclosure beyond the terms of this Order if the person or party designating the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" specifically consents in advance in writing to such disclosure, or if the Court, after notice to all parties, orders such disclosure. The parties shall try to agree on procedures governing the use of CONFIDENTIAL and HIGHLY CONFIDENTIAL information at any hearing or trial and shall submit those to the Court for its approval. Should the parties fail to agree or obtain Court approval, nothing herein shall preclude any party or third party from making an application to the Court concerning the handling or treatment of material designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" at any trial or hearing in this action.

7. Whenever any information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is disclosed or used at a deposition in which testimony in this action is given, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such information, and the transcript of such portion and all exhibits identified in that portion of the transcript shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and thereafter deemed to be fully subject to the provisions of this Order.

8. When filed with the Court by any person or party, all materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as well as all motions, briefs, memoranda

or other pleadings containing or referencing such materials (in such manner that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information may be revealed thereby), shall be filed provisionally under seal to the extent permitted by the Court in order that the designating party may have the opportunity to move for an order sealing the materials, or filed with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information redacted if not necessary to the filing.

9. Documents and other material designated "CONFIDENTIAL" pursuant to the terms of this Order may only be disclosed to:

> a. any directors, officers, employees or independent contractors of a party to whom the party's counsel of record reasonably believes disclosure is necessary;
>
> b. the parties' outside counsel in this case and their in-house counsel, and their employees or professional assistants, paralegals, legal assistants and secretaries actually working on this action;
>
> c. any witness, while providing testimony at a deposition, and the witness's counsel (if any), if the examining party has a good faith belief that such disclosure is necessary for the prosecution or defense of this action;
>
> d. the Court and Court personnel at any stage in this case;
>
> e. any independent (unaffiliated with any party) experts, consultants, or independent contractors employed to advise or assist counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees, support personnel or other persons assisting them on this action, provided that such expert, consultant or contractor to whom the disclosure is

to be made consents in writing to be bound by the terms of this Order by executing the form of the confidentiality agreement attached hereto as Exhibit "A";

f. court reporters, stenographers or video operators actually recording proceedings in this action;

g. any party's insurers, reinsurers, or auditors who have been provided a copy of and agreed to be bound by this Order (such entities may use information designated "CONFIDENTIAL" in accordance with the terms of any contractual rights to such information that they may have, if any); and

h. other persons as agreed to by the parties or as ordered by the Court.

10. Documents and other material designated "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order may only be disclosed to:

a. the parties' outside counsel in this case and their in-house counsel, and their employees or professional assistants, paralegals, legal assistants and secretaries actually working on this action;

b. any witness, while providing testimony at a deposition, and the witness's counsel (if any), if the examining party has a good faith belief that such disclosure is necessary for the prosecution or defense of this action;

c. the Court and Court personnel at any stage in this case;

d. any independent (unaffiliated with any party) experts, consultants, or independent contractors employed to advise or assist counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees, support personnel or other persons assisting them on this action,

provided that such expert, consultant or contractor to whom the disclosure is to be made consents in writing to be bound by the terms of this Order by executing the form of the confidentiality agreement attached hereto as Exhibit "A";

e. court reporters, stenographers or video operators actually recording proceedings in this action;

f. the author or recipient of a document containing the HIGHLY CONFIDENTIAL information or a custodian or other person who otherwise possessed or knew the HIGHLY CONFIDENTIAL information; and

g. other persons as agreed to by the parties or as ordered by the Court.

11. Within thirty (30) days of the final termination of this action, whether by settlement or final judgment including appeals, and upon written request of the designating party, the receiving party shall return or destroy, at the receiving party's option and expense, all CONFIDENTIAL and HIGHLY CONFIDENTIAL information produced by the designating party during the course of the proceeding of this action and all copies thereof in any form stored or reproduced, including any and all electronically stored CONFIDENTIAL and HIGHLY CONFIDENTIAL information, whether produced in electronic format or converted into electronic format by the receiving party. If the receiving party elects to destroy the CONFIDENTIAL and HIGHLY CONFIDENTIAL information, it must notify the designating party in writing that all CONFIDENTIAL and HIGHLY CONFIDENTIAL information has been destroyed within thirty (30) days of the final termination of this action.

12. Nothing herein shall be construed to provide a basis for non-compliance with the parties' obligations to produce documents under the Federal Rules of Civil Procedure or other

applicable rules of procedure; nothing herein shall be construed to waive any right that any party may have to object to any demand for production of any documents; and nothing herein shall preclude any party from seeking greater protection with respect to any documents than that provided for in this Order.

13. The provisions of this Order shall continue to be binding until modified, superseded or terminated by Order of the Court or by agreement of the parties. Nothing contained in this Order shall prejudice the right of any party to seek an Order of this Court modifying or dissolving this Order. Such request for dissolution or modification of this Order may be made by any party at any time. The ultimate disposition of protected material shall be subjected to a final order of the Court upon completion of the litigation.

**SO ORDERED.**

Signed: December 18, 2012

David C. Keesler
United States Magistrate Judge

**CONSENTED TO BY:**

s/John C. Nipp
John C. Nipp
N.C. Bar No. 23406
SUMMA, ADDITON & ASHE, P.A.
11610 N. Community House Rd., Ste. 200
Charlotte, NC 28277-2199
Telephone: (704)945-6710
Facsimile: (704)945-6735
Email: jnipp@summalaw.com
*Attorney for Plaintiff Ark Promotions, Inc.*


s/Jonathan E. Buchan, Jr.
Jonathan E. Buchan, Jr.
N.C. Bar No. 8205
MCGUIREWOODS LLP
201 North Tryon St., Suite 3000
Charlotte, NC 28202
Telephone: (704) 373-8999
Facsimile: (704) 444-8714
Email: jbuchan@mcguirewoods.com
*Attorney for Defendant Justin.tv., Inc.*


s/Brian M. Willen
Brian M. Willen *admitted pro hac vice*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (650) 849-3340
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Rodrick J. Enns
N.C. Bar No. 12151
ENNS & ARCHER LLP
939 Burke Street
Winston-Salem, NC 27101
Telephone: (336) 723-5180
Facsimile: (336) 723-5181
Email: renns@ennsandarcher.com
*Attorney for Defendants YouTube, Inc. and YouTube, LLC*

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I am being provided information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the Consent Protective Order (the "Order") in discovery in the following action: *Ark Promotions, Inc. v. Justin.TV, Inc., YouTube, LLC, and YouTube, Inc.*, Civil Action Number 3:12-cv-00131-RJC=DCK (the "Action") (United States District Court for the Western District of North Carolina) (the "Court").

I certify that I have been given a copy of and have read the terms of the Order and agree to be bound by its terms.

I understand that all documentary material which I receive containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and all working copies, computer data storage, digests or abstracts prepared from this material, are to remain in my personal custody until I have completed my assigned duties, if any, whereupon all such material and all notes made by me containing any of this confidential information are to be returned to the party or counsel who provided the confidential information to me.

I agree that the confidential information I receive shall not be disclosed to anyone else, except as provided in the Order, and that this information shall not be used for any purpose other than preparation for and trial or appeal of the action in which the Order has been entered.

I understand that any violation of this Order may subject me to sanctions by the Court. I further agree and do hereby submit myself to the jurisdiction of the Court for all matters concerning enforcement or violation of the Protective Order.

This _____ day of , 2012.